IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY G. WILLIAMS,
    Petitioner,

vs.                                  Case No. 3:06cv444/LAC/EMT

JAMES R. MCDONOUGH,
    Respondent.
_____/

## **ORDER**

        Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The petition is in the proper form, the filing fee has been paid (Doc. 9), and the appropriate number of service copies have been provided.

        Respondent will be required to file an answer so the court may determine whether an evidentiary hearing is required or, if not required, may dispose of the petition as justice requires. *See* Rule 8(a), Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules). The answer shall be filed pursuant to Habeas Rule 5 and shall be styled as an answer rather than as a motion to dismiss or for summary judgment, unless it appears to Respondent that a motion to dismiss based on a procedural defect such as failure to exhaust or the statute of limitations is appropriate. McBride v. Sharpe, 25 F.3d 962, 970 (11th Cir. 1994). As provided by Rule 5, the answer shall respond to the allegations of the petition, state whether Petitioner has exhausted his state remedies, and attach such portions of the transcripts as Respondent deems relevant. *See* Rule 5(b–d), Habeas Rules. If Respondent's answer requires the submission of materials outside the state court record, he shall file a motion to expand the record, pursuant to Rule 7. *See* Rule 7, Habeas Rules.

        If Respondent raises the defense of failure to exhaust or procedural default as to any claim, he may file an appropriate motion and shall set forth as to each such claim the appropriate manner

of raising the claim under Florida law, whether Petitioner has sought such relief, and, if not, whether any further relief is available for purposes of §2254(c). *See* Rule 5, Habeas Rules; § 2254; 28 U.S.C. § 2254(b)–(c). If an exhaustion or default argument is raised by motion, Respondent may await a ruling on that defense before filing an answer on the merits. Alternatively, Respondent may proceed directly to the merits. *See* § 2254 (b)(2) (the application may be denied on the merits notwithstanding the failure to exhaust state remedies); § 2254(b)(3), *as amended* April 24, 1996 (the exhaustion requirement is not deemed to be waived unless expressly waived by counsel for the state).

The answer shall be filed within sixty (60) days from the date this order is docketed. Thereafter, Petitioner will be given the opportunity to file a reply. Upon receipt of the answer and Petitioner's reply, the court will review the file to determine whether an evidentiary hearing is required. An evidentiary hearing will not be required unless consideration of disputed evidence outside the state court record appears necessary to the court. If it is determined that an evidentiary hearing is not required, the court will make such disposition of the petition as justice requires pursuant to Habeas Rule 8(a).

Accordingly, it is **ORDERED**:

1. The clerk is directed to furnish copies of the petition (Doc. 1) with a copy of this order to Respondent and the Attorney General of the State of Florida.

2. Respondent shall have **SIXTY (60) DAYS** from the date of docketing of this order to file an answer as directed by this order.

**DONE AND ORDERED** this 29th day of November 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**